IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHELLEY D. WATSON                                                                        PLAINTIFF

v.                                   Cause No. 6:16-cv-06060

OFFICE OF ATTORNEY GENERAL et al.                                            DEFENDANTS

### REPORT AND RECOMMENDATION
### OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Service. ECF No. 1. The Court has granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. The Court now recommends Plaintiff's Motion for Service be **DENIED**, and Plaintiff's case be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

In the present action, Plaintiff is attacking a contempt order entered against her in Garland County, Arkansas. ECF No. 1. It appears Plaintiff is also challenging her son's arrest and incarceration. *Id.* Plaintiff is suing a wide variety of entities, including the Office of Attorney General; Arkansas Child Support Enforcement; Social Security Administration; attorney Matt Sanders; attorney Paul Miller; attorney Luke Graham; attorney Joe Churchwell; Hurst Law Group; Ouachita Children's Center; Garland County Circuit Court; Garland County Sheriff's Department; Levi Transitions Counseling Svc; Living Hope Counseling Svc; Zee Gee Counseling Svc; Hillcrest Children's Home; Garland County Juvenile Court; Arkansas Department of Children and Family

Services; Regional Department of Children and Family Svcs; City of Broken Bow, Oklahoma; Broken Bow Police Department; McCurtain County Sheriff's Office; and McCurtain County District Court. *Id.*

Based upon the information presented to the Court, Plaintiff's contempt order is still valid, and it has not been reversed on appeal. *See* ECF No. 1. Also, based upon the information Plaintiff presented to the Court, Plaintiff's son's incarceration (and apparent conviction) has not been challenged on appeal. *Id.*

It is well-settled law that "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . a [42 U.S.C.] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . ." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

In this case, there has been no demonstration that the contempt order against Plaintiff or the incarceration of Plaintiff's son has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Accordingly, because Plaintiff has not made a showing which is clearly required for relief in this action, the Court recommends Plaintiff's case be **DISMISSED** in its entirety**.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **20th day of June 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE